IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


EMMA MICHELLE TRASK,

                     Plaintiff,

vs.                                    Case No. 15-1082-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                     Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion.   The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.   Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.   Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.   Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).   The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.   Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).   The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On July 18, 2013, administrative law judge (ALJ) James Harty issued his decision (R. at 11-25). Plaintiff alleges that she had been disabled since March 12, 2007 (R. at 11). At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since March 12, 2007 (R. at 13). At step two,

4

the ALJ found that plaintiff had a severe combination of impairments (R. at 13). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 14). After determining plaintiff's RFC (R. at 16-17), the ALJ found at step four that plaintiff could perform past relevant work as a receptionist (R. at 22-23). In the alternative, at step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 24). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 24-25).

**III. Did the ALJ err at step 2 by not finding certain impairments to be severe?**

Plaintiff argues that the ALJ erred at step two in finding that plaintiff's arthritis, Sjogren's syndrome and migraine headaches were nonsevere impairments. The ALJ discussed these impairments, but found that plaintiff had not presented evidence to support a conclusion that these impairments more than minimally affected her ability to perform basic, work-related activities (R. at 14).

The burden of proof at step two is on the plaintiff. See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993)(the claimant bears the burden of proof through step four of the analysis). A claimant's showing at step two that he or she has a severe impairment has been described as "de minimis." Hawkins

v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997); see Williams v.
Bowen, 844 F.2d 748, 751 (10th Cir. 1988)("de minimis showing of
medical severity").  A claimant need only be able to show at
this level that the impairment would have more than a minimal
effect on his or her ability to do basic work activities.[1]
Williams, 844 F.2d at 751.  However, the claimant must show more
than the mere presence of a condition or ailment.  If the
medical severity of a claimant's impairments is so slight that
the impairments could not interfere with or have a serious
impact on the claimant's ability to do basic work activities,
the impairments do not prevent the claimant from engaging in
substantial work activity.  Thus, at step two, the ALJ looks at
the claimant's impairment or combination of impairments only and
determines the impact the impairment would have on his or her
ability to work.  Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th
Cir. 1997).  A claimant must provide medical evidence that he or
she had an impairment and how severe it was during the time the
claimant alleges they were disabled.  20 C.F.R. § 404.1512(c),
§ 416.912(c).

    First, it is not reversible error if the ALJ fails to list
all the severe impairments at step two.  In Brescia v. Astrue,

---

[1] Basic work activities are "abilities and aptitudes necessary to do most jobs," 20 C.F.R. § 404.1521(b)[416.921(b)], including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." Social Security Ruling 85-28, 1985 WL 56856 at *3; Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004).

287 Fed. Appx. 626, 628-629 (10th Cir. July 8, 2008), the claimant argued that the ALJ improperly determined that several of her impairments did not qualify as severe impairments. The court held that once an ALJ has found that plaintiff has at least one severe impairment, a failure to designate another as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. In Hill v. Astrue, 289 Fed. Appx. 289, 291-292 (10th Cir. Aug. 12, 2008), the court held that once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two. The ALJ's failure to find that additional alleged impairments are also severe is not in itself cause for reversal. However, the ALJ, in determining plaintiff's RFC, must consider the effects of all of the claimant's medically determinable impairments, both those he deems "severe" and those "not severe."

Second, the ALJ noted in his decision that in making his RFC findings, he must consider all of plaintiff's impairments, including those determined to be "not severe" (R. at 13). The ALJ later indicated that in making his RFC findings, he considered all symptoms and the extent to which these symptoms

can reasonably be accepted as consistent with the objective medical evidence, medical opinion evidence, and other evidence (R. at 17).  Furthermore, the ALJ, when making his RFC findings, specifically addressed the diagnosis of rheumatoid arthritis, and stated that plaintiff's severe and non-severe impairments were considered when limiting plaintiff to sedentary work (R. at 19).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo.  Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

In making his RFC findings, the ALJ considered the opinions of
Dr. Abay, Dr. Eades, Dr. Hitchcock, Dr. Allen, Dr. Adams and Dr.
Blum (R. at 20-21).  Plaintiff has not provided any medical
opinion evidence that these three impairments resulted in
additional limitations which the ALJ failed to include in his
RFC findings.  The court will not reweigh the evidence.  The
court finds that substantial evidence supports the ALJ's
findings regarding the impact of the impairments that the ALJ
found to be non-severe on plaintiff's ability to work.

**IV.  Did the ALJ err by not finding that plaintiff's Sjorgen's
disease met or equaled a listed impairment, 14.10?**

Plaintiff alleges that the ALJ erred by failing to consider
whether plaintiff's impairments met or equaled listed impairment
14.10 (Doc. 13 at 12).  Plaintiff has the burden to present
evidence establishing that his impairments meet or equal a
listed impairment.  Fischer-Ross v. Barnhart, 431 F.3d 729, 733
(10th Cir. 2005).  In order for the plaintiff to show that his
impairments match a listing, plaintiff must meet "all" of the
criteria of the listed impairment.  An impairment that manifests
only some of those criteria, no matter how severely, does not
qualify.  Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885,
891 (1990)(emphasis in original).

Sjogren's syndrome is defined in listed impairment 14.10, 20 C.F.R. Subpt. P, App. 1 (2015 at 536).[2]  Plaintiff has the burden to present evidence establishing that her impairments meet or equal a listed impairment.  Plaintiff, in her brief, presents no medical evidence that demonstrates that the criteria of this impairment are met or equaled.

Plaintiff argues that this case should be evaluated under 14.10B.  Plaintiff alleges that her activities of daily living are very restricted (Doc. 13 at 12).  Both Dr. Adams and Dr. Blum opined that plaintiff's restriction of activities of daily living were only mild (R. at 84, 118).  The ALJ also concluded that plaintiff has only a mild restriction in her activities of daily living.  Although plaintiff testified that her activities of daily living were extremely limited (R. at 15), the ALJ found that plaintiff's allegations were not fully credible.  The

---

[2] 14.10 Sjögren's syndrome. As described in 14.00D7. With:

A. Involvement of two or more organs/body systems, with:

1. One of the organs/body systems involved to at least a moderate level of severity; and

2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).

or

B. Repeated manifestations of Sjögren's syndrome, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:

1. Limitation of activities of daily living.

2. Limitation in maintaining social functioning.

3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

court, as will be discussed later, found no error by the ALJ in his credibility determination.  The court finds that substantial evidence supports the ALJ's determination that plaintiff has only mild restrictions in her activities of daily living.  An ALJ's findings at other steps of the sequential evaluation process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment.  Fisher-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005).  In light of the absence of any medical opinion evidence that this impairment is met or equaled, and the finding of the ALJ, supported by substantial evidence, that plaintiff has only a mild restriction in her activities of daily living, the court finds that the ALJ did not err by failing to discuss listed impairment 14.10.

**V.  Did the ALJ err in his consideration of plaintiff's fibromyalgia?**

At step two, the ALJ found that plaintiff's fibromyalgia was a severe impairment (R. at 13).  The ALJ considered fibromyalgia in conjunction with SSR 12-2p (evaluation of fibromyalgia), 2012 WL 3104869, and found that it does not meet or equal a listed impairment (R. at 15).  The ALJ further noted that plaintiff's rheumatologist noted that plaintiff had positive tender points (R. at 18).  Plaintiff fails to point to any medical opinion evidence that her fibromyalgia results in

additional limitations not contained in the ALJ's RFC findings. The ALJ clearly gave greater weight to the medical opinion evidence as opposed to lay opinion evidence or lay testimony on the issue of the limitations caused by plaintiff's fibromyalgia. The court finds no clear error in the ALJ's consideration of plaintiff's fibromyalgia.

## VI.  Did the ALJ err in his analysis of plaintiff's credibility?

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff.  Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler.  White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony.

Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

The ALJ carefully set out plaintiff's testimony and statements, and discussed in some detail the medical evidence and the medical opinions regarding plaintiff's limitations. Even plaintiff's treating surgeon released plaintiff on April 29, 2008 to return to sedentary work (R. at 696). Another treatment provider indicated that plaintiff has limits, but they do not prevent plaintiff from working an 8 hour day (R. at 488). Two non-examining consulting physicians, Dr. Eades and Dr. Hitchcock opined that plaintiff could perform sedentary work with some additional restrictions (R. at 86-89, 120-123). The ALJ accorded substantial weight to both opinions (R. at 20-21).

The court finds no clear error in the ALJ's credibility analysis, and the court will not reweigh the evidence.

**VII.  Are the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful

review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.  Such bare conclusions are beyond meaningful judicial review.  Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

In his decision, the ALJ discussed in some detail the medical opinion evidence.  The ALJ gave substantial weight to the opinions of Dr. Eades and Dr. Hitchcock regarding plaintiff's physical limitations, and substantial weight to the opinions of Dr. Adams and Dr. Blum regarding plaintiff's mental limitations (R. at 20-21).  The ALJ gave considerable, but not substantial weight to the opinions of Dr. Abay, plaintiff's treating surgeon, who limited plaintiff to sedentary work (R. at 20).

Finally, the ALJ considered the opinions of Dr. Allen regarding plaintiff's mental limitations.  The ALJ gave some weight to her opinions (R. at 21).  Dr. Allen indicated that her tendency to be attention getting would sometimes negatively affect her ability to respond appropriately to supervision and coworkers (R. at 564).  The ALJ gave some weight to the opinions of Dr. Allen, but was not convinced that plaintiff would be limited in her ability to interact with supervisors or co-workers.  The ALJ noted that former employers did not corroborate this allegation (R. at 21).  Both Dr. Adams and Dr. Blum considered the report from Dr. Allen, and accorded moderate weight to her opinions (R. at 85, 118-119).  Neither Dr. Adams or Dr. Blum included in their report any limitation in plaintiff's ability to interact with supervisors or co-workers.

The court will not reweigh the evidence.  Substantial evidence supports both the ALJ's consideration of the medical opinion evidence and the ALJ's RFC findings.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 1st day of August 2016, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge